```
NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar #CA 117234
WILLIAM B. COSSITT, #3484
JARED A. DAY, #CA 275687
Office of the United States Trustee
300 Booth Street, Room 3009
Reno NV  89509
Telephone: (775) 784-5335
Fax: (775) 784-5531
Nick.Strozza@usdoj.gov
Bill.Cossitt@usdoj.gov
Jared.A.Day@usdoj.gov

Attorneys for United States Trustee
Tracy Hope Davis
```

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: ) | Case no: BK-N-15-50292-btb |
| ) | Chapter: 11 |
| MARGARET LESLIE CANTLON, ) | |
| a/k/a Cindy Cantlon, Mrs. William ) | US TRUSTEE'S MOTION TO |
| McKean Cantlon, ) | DISMISS CASE |
| ) | |
| ) | Hearing Date:  September 5, 2017 |
| Debtors. ) | Hearing Time:  2:00p.m. |
| ) | Est. Time Req.: 15 min. |

Tracy Hope Davis, the United States Trustee ("US Trustee"), by and through her undersigned attorney, hereby submits her Motion To Dismiss Case ("Motion"), based upon the Debtor's failures to comply with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice, and the United States Trustee Program Guidelines.

This Motion is made pursuant to 11 U.S.C. Section 1112(b), and is based upon the Debtor's:

1

1. Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and

2. Failure to file plan status reports pursuant to LR 3016.

This Motion is based upon the following points and authorities, together with the entire record in this case, of which the US Trustee respectfully requests the Court take judicial notice, and such evidence as may be introduced at the hearing on this Motion.

## POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. § 586(a)(3), the US Trustee is charged with the responsibility for supervising the administration of cases and trustees in cases under chapters 7, 11, 12 and 13 of Title 11. To enable the US Trustee to carry out that duty, Congress has granted the US Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code. 11 U.S.C. § 307. "In any case in which the United States trustee finds material grounds for any relief under section 1112 of title 11, the United States trustee shall apply promptly after making the finding to the court for relief." 28 U.S. C. § 586(a)(8).

**A.    Statement of Facts:**

1. The Debtor commenced this case by filing a voluntary petition under chapter 11 on March 5, 2015, over two years ago. Docket # 1.

2. The Debtor's recently filed budget request indicates a diminishing of estate assets with no reasonable likelihood of rehabilitation. Docket #180.

3. The Debtor has not filed the plan status reports quarterly, as required by LR 3016.

4. The Debtor has not filed a plan and has not filed a proposed disclosure statement since June 22, 2015. Docket #72.

5. The related adversary proceeding, No. 15-05047, has stalled with no pending hearings and the last pleading was filed May 26, 2016.

**B.    Application of facts and legal authorities:**

1. The Debtor has a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.  The Debtor does not generate any non-exempt income in excess of what is needed to support herself and the estate assets.  The Debtor's Social Security income has properly been claimed as exempt and therefore comes into the bankruptcy estate and then is exempted back out of the estate to the Debtor.  Docket #36, pg. 1; 11 U.S.C. § 522(b); Mwangi v. Wells Fargo Bank (In re Mwangi), 764 F.3d 1168, 1174-76 (9th Cir. 2014).  The Social Security proceeds are therefore free for her use in her discretion without Court approval.

However, it has become necessary for the Debtor to consume substantial estate assets, the water rights sale proceeds, in order to maintain herself and the estate.  Docket #180-1.  The property has been listed for sale for two years without success.  The Debtor continues to accrue quarterly fees which diminish the estate's values.  Without a sale, of a sufficient amount, the Debtor has no likelihood of rehabilitation.

> "The issue of rehabilitation for purposes of § 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." In re Wallace, 2010 Bankr. LEXIS 261, 2010 WL 378351 at *4 (Bankr. D. Idaho Jan. 26, 2010) (quotations and citations omitted).  "Rehabilitation is a different and much more demanding standard than reorganization." In re Creekside Senior Apartments, L.P., 489 B.R. at 61 (citing, In re Brutsche, 476 B.R. 298, 301 (Bankr. D.N.M. 2012) (citing 7 COLLIER ON BANKRUPTCY at ¶ 1112.04[6][a][ii])).

In re Hassen Imps. P'ship., 2013 Bankr. Lexis 3870 (9th Cir. BAP 2013) (not for publication).

Pursuant to 11 U.S.C. Section 1112(b)(4)(A), a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," is sufficient cause for dismissal.  Therefore, cause exists for this case to be dismissed.

3

2. Failure to file plan status reports, pursuant to LR 3016. Pursuant to 11 U.S.C. §1112(b)(4)(F), an unexcused failure to file any required report is cause for dismissal of the case. Pursuant to LR 3016, if a chapter 11 plan has not been filed or approved within six (6) months after commencement of the case, the Debtor in possession must file a report with the court explaining why a plan has not been filed or approved and set forth a schedule for filing and hearing the disclosure statement and plan confirmation. The report shall be updated quarterly. The Debtor has failed to set a status conference or file any reports pursuant to LR 3016.

## CONCLUSION

WHEREFORE, for all the reasons stated above, the US Trustee respectfully requests the Court dismiss this case, and grant such other relief as the Court deems proper.

DATED this 8th day of August, 2017.

Respectfully submitted,

Nicholas Strozza
State Bar # CA 117234
William B. Cossitt, State Bar #3484
Jared A. Day, #CA 275687
300 Booth Street, #3009
Reno NV 89509
(775) 784-5335

/s/ WILLIAM B. COSSITT
_____
Attorneys for United States Trustee
Tracy Hope Davis

4

# **CERTIFICATE OF SERVICE**

1. On August 9, 2017 I served the foregoing US TRUSTEE'S MOTION TO DISMISS CASE by the following means to the persons as listed below:

☑ a. ECF System:

- MICHAEL W. CHEN    bknotice@mccarthyholthus.com, mchen@ecf.courtdrive.com; nvbkcourt@mccarthyholthus.com; mchen@mccarthyholthus.com
- SHERRY A. MOORE    BKNOTICE@MCCARTHYHOLTHUS.COM, NVBKCOURT@MCCARTHYHOLTHUS.COM
- SEAN P PATTERSON    illegalpat@aol.com, sbcolling@gmail.com; natesppbk@yahoo.com
- MARNI RUBIN-WATKINS    marni.watkins@fnf.com, mia.hurtado@fnf.com; yesenia.enriquez@fnf.com
- KRISTIN A. SCHULER-HINTZ    bknotice@mccarthyholthus.com
- U.S. TRUSTEE - RN - 11    USTPRegion17.RE.ECF@usdoj.gov
- JOHN WHITE    john@whitelawchartered.com, john@whitelawchartered.com; bankruptcy@whitelawchartered.com; admin@whitelawchartered.com; paralegal@whitelawchartered.com

☑ b. U.S. Mail, postage fully prepaid (list persons and addresses):

MARGARET LESLIE CANTLON
25 SOUTHRIDGE DR.
RENO, NV 89509

BERKSHIRE HATHAWAY
5390 KIETZKE LANE, STE 101
RENO, NV 89511

WILLIAM G. KIMMEL
1281 TERMINAL WAY, STE 205
RENO, NV 89502

RECOVERY MANAGEMENT SYSTEMS CORPORATION
25 S.E. SECOND AVENUE, SUITE 1120
MIAMI, FL 33131-1605

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 9th day of August, 2017.

/s/ Robbin Little
An employee of the United States Trustee