Cameron M. Gulden, Assistant United States Trustee
State Bar No. MN 310931
Jared A. Day, Trial Attorney
State Bar No. CA 275687
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Booth Street., Suite 3009
Reno, Nevada 89509
Telephone: (775) 784-5530
E-mail: *jared.a.day@usdoj.gov*

Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MARGARET LESLIE CANTLON,<br><br><div align=right>Debtor(s).</div> | Case No: 15-50292-gwz<br><br>Chapter 11<br><br>Date: December 14, 2023<br>Time: 10:00 a.m. |

### MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO DISMISS OR CONVERT CHAPTER 11 CASE

Tracy Hope Davis, United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files this *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss or Convert Chapter 11 Case* ("Motion").[1]

### **INTRODUCTION**

"Cause" exists to dismiss this chapter 11 case or convert it to chapter 7 because

Reorganized Debtor Margaret Leslie Cantlon ("Reorganized Debtor") has failed to file one

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated.  All references to "Fed. R. Bankr. P." are to the Federal Rules of Bankruptcy Procedure.

1    monthly operating report ("MOR") for September 2018 and eleven post-confirmation quarterly

2    operating reports ("PCRs") for the first quarter of 2021 through the third quarter of 2023; and 2)

3    pay United States Trustee quarterly fees in the estimated amount of $250.00, which are past due.

4    For these reasons, the United States Trustee has established cause to dismiss or convert this case

5    pursuant to Sections 1112(b)(4)(F) and (K).

6

7        The Motion is supported by the following Memorandum of Points and Authorities and the

8    Declaration of United States Trustee Bankruptcy Analyst, Kristine R. Kinne ("Kinne Decl.").

9    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

10   **I.        BACKGROUND FACTS AND PROCEDURAL POSTURE**

11

12       1.      On March 5, 2015, Reorganized Debtor filed a voluntary chapter 11 bankruptcy

13   petition ("Petition").[2]  [ECF No. 1].[3]

14       2.      On October 10, 2018, the Court entered an order confirming Reorganized Debtor's

15   Plan of Reorganization.  [ECF No. 282].

16

17       3.      Reorganized Debtor's confirmed plan provides that:

18           **United States Trustee Fees.**  All fees required to be paid by 28
             U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely
19           paid until the case is closed, dismissed, or converted to another
             chapter of the Code.  Any U.S. Trustee Fees owed on or before the
20           Effective Date of this Plan will be paid on the Effective Date.

21

22   _____

     [2] The United States Trustee respectfully requests that the Court take judicial notice of Reorganized
23   Debtor's Petition, Schedules, SOFA, and other documents filed therewith, and any amendments
     thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable
24   by Fed. R. Bankr. P. 9017.  The information contained in these documents, signed under penalty of
     perjury by Reorganized Debtor, are admissions of Reorganized Debtor pursuant to Fed. R. Evid.
25   801(d).

26   [3] Unless otherwise noted, "ECF No." refers to the main bankruptcy docket for the above-captioned
     chapter 11 case.
27

28

[*See Id.*].

4.  Neither Reorganized Debtor's plan, or the order confirming it, address the filing of MORs and PCRs.  [*See* ECF Nos. 233 *and* 282].  Reorganized Debtor's plan acknowledges a debtor's obligation for the payment of post-confirmation United States Trustee quarterly fees. Fed. R. Bankr. P. 2015(a)(5) requires all chapter 11 debtors (other than debtors under Subchapter V) to file PCRs.

5.  Neither Reorganized Debtor's plan, or the order confirming it, address whether the remaining assets of Debtor and Debtor-in-Possession that have vested in Reorganized Debtor would be revested as assets of Reorganized Debtor's chapter 7 bankruptcy estate if the case is subsequently converted to chapter 7.  [*See* ECF Nos. 233 *and* 282].

6.  Reorganized Debtor has not filed one MOR for September 2018 and eleven PCRs for the first quarter of 2021 through the third quarter of 2023.  [*See* ECF Docket *generally; see also* Kinne Decl.].

7.  Reorganized Debtor has also failed to pay United States Trustee quarterly fees in the estimated amount of $250.00, which are delinquent.  [*See* Kinne Decl.].  The United States Trustee reserves all rights regarding these estimated quarterly fees, which are subject to change after the past due MOR and PCRs are filed.

8.  Reorganized Debtor must comply with her obligations to file MORs and PCRs under Fed. R. Bankr. P. 2015 along with the requirement to pay United States Trustee quarterly fees under 28 U.S.C. § 1930(a)(6) during period(s) in which this chapter 11 case remains open.

9.  Reorganized Debtor has/has not moved to close this case subject to later reopening to obtain a discharge and final decree.  [*See* ECF Docket *generally*].

10.  While seeking case closure is discretionary, Reorganized Debtor must comply with her obligations to file MORs and PCRs under Fed. R. Bankr. P. 2015 along with the requirement

to pay United States Trustee quarterly fees under 28 U.S.C. § 1930(a)(6) during period(s) in which this chapter 11 case remains open.

11.    The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334(a), 1334(b), and 157(b).

12.    The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

13.    The United States Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and Fed. R. Bankr. P. 1017 and 9014.

14.    Venue of this case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.    ARGUMENT & DISCUSSION**

**A.    Cause Exists Under 11 U.S.C. § 1112(b)(1) to Dismiss or Convert This Bankruptcy Case.**

15.    11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

16.    Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001).  The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b).  *Id.*

17.     As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists.  *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted).  And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether conversion or dismissal is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate.  *In re Sullivan*, 522 B.R. at 612.

**B.     Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and (b)(4)(F) Because Reorganized Debtor Has Failed to File Required Chapter 11 MORs and PCRs.**

18.     Section 1112(b)(4)(F) of the Bankruptcy Code provides that a case may be dismissed or converted due to the debtor's "unexcused failure to satisfy any filing or reporting requirement established by [title 11] or by any rule applicable to a case under [chapter 11]."[4]

19.     Here, it is undisputed that Reorganized Debtor has failed to file one MOR for September 2018 and eleven PCRs for the first quarter of 2021 through the third quarter of 2023. [*See* ECF Docket *generally*; *see also* Kinne Decl.].  These MORs and PCRs are required by the Bankruptcy Court and Rules, as well as applicable United States Trustee Guidelines.[5]  These

---

[4] Section 1106(a)(7) and Fed. R. Bankr. P. 2015(a)(5) require a debtor (other than under Subchapter V) to file with the Court and serve on the United States Trustee, quarterly financial reports to enable the Court and parties to monitor compliance with the plan of reorganization.  In addition, pursuant to 28 U.S.C. § 586(a)(3)(D), the United States Trustee is tasked to take any appropriate action to ensure that all reports and fees required by the debtor to be filed and paid are properly and timely filed.

[5] The applicable United States Trustee Guidelines ("Guidelines") provide that each chapter 11 Debtor "shall file with the court and contemporaneously serve on the United States Trustee a report for every calendar month or portion thereof during which the case is pending."  *See* Region 17: United States Trustee Guidelines, available at https https://www.justice.gov/ust-regions-r17/region-17-general-information#ch11.  The Guidelines also require debtors to file each operating report "on or before the 20th day of the month immediately following the month described in the report."  *Id.  See also In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("The UST is charged with supervising the administration of chapter 11 cases, including a

reports are necessary for the calculation and assessment of quarterly fees that Reorganized Debtor is obligated to pay under 28 U.S.C. § 1930(a)(6). *Sanders v. United States Trustee (In re Sanders),* 2013 Bankr. LEXIS 4681at *27 (B.A.P. 9th Cir. April 11, 2013) *citing Tighe v. Celebrity Home Entm't, Inc. (In re Celebrity Home Entm't, Inc.)*, 210 F.3d 995, 998 (9th Cir. 2000). It follows that Reorganized Debtor cannot comply with 28 U.S.C. § 1930(a)(6) without disclosing disbursement information. Further, the quarterly reports assist the United States Trustee, creditors, and the bankruptcy court with monitoring a reorganized debtor's progress under the terms of a confirmed plan.[6] For these reasons, it is both reasonable and necessary for the United States Trustee to request an accounting of the pre- and post-confirmation disbursements through the monthly and quarterly reports that are described in United States Trustee Guidelines.

20.     Accordingly, Reorganized Debtor's failure to file MORs and PCRs is cause pursuant to 11 U.S.C. § 1112(b)(4)(F) to dismiss or convert this case.

**C.     Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and (b)(4)(K) Because Reorganized Debtor Has Failed to Pay Quarterly Fees.**

21.     Section 1112(b)(4)(K) provides that cause for dismissal or conversion of a bankruptcy case includes the "failure to pay any fees or charges required under chapter 123 of title 28."

---

debtor's performance of their statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the UST has adopted reporting requirements embodied in its Guidelines, which a debtor-in-possession is required to fulfill."). In addition, Fed. R. Bankr. P. 2015(a)(2) and (3) require the filing of periodic reports as the United States Trustee requires.

[6] Given Reorganized Debtor's failure to file operating reports, the United States Trustee reserves her rights to supplement her Motion under Sections 1112(b)(4)(M), (N) or (O) if any subsequently filed reports reveal that Reorganized Debtor has been unable to effectuate substantial confirmation of the plan, has materially defaulted under the plan, or a condition specified in the plan has occurred that has terminated the plan.

22.     Section 1930(a)(6)—within chapter 123 of title 28 of the United States Code—expressly requires that "a quarterly fee [be paid] . . . to the United States Trustee . . . until the case is converted or dismissed, whichever occurs first."  28 U.S.C. § 1930(a)(6).  Since this case has not yet been converted or dismissed, United States Trustee fees have continued to accrue throughout the pendency of the case.

23.     The Ninth Circuit has affirmed that 28 U.S.C. § 1930(a)(6) requires reorganized debtors to continue to pay United States Trustee fees after a plan has been confirmed, and to do so according to the disbursement schedule set forth in 28 U.S.C. § 1930(a)(6).  *In re Celebrity Home Entm't, Inc.*, 210 F.3d at 998 ("Congress amended § 1930(a)(6) . . . to extend quarterly fees payable by chapter 11 debtors to the U.S. Trustee into the post-confirmation period") (citations omitted).

24.     Here, the record discloses that Reorganized Debtor has not paid $250.00 in past due estimated United States Trustee fees required by 28 U.S.C. § 1930(a)(6).  [*See* Kinne *Decl.*].  The fees are estimated based on the disbursements for the last quarterly report filed by Reorganized Debtor.[7]  [*Id.*; *see also* ECF Docket *generally*].

25.     Accordingly, Reorganized Debtor's failure to pay to the United States Trustee quarterly fees is cause pursuant to 11 U.S.C. § 1112(b)(4)(K) to dismiss or convert this case.

/ / /

---

[7] Because Reorganized Debtor has failed to file operating reports, the quarterly fees due in this case cannot be calculated accurately.  The United States Trustee therefore reserves her rights to supplement her Motion based on cause under Section 1112(b)(4)(K) if additional United States Trustee quarterly fees become due prior to the hearing on the Motion.  Additionally, Reorganized Debtor is required to pay any attendant interest in connection with delinquent quarterly fees.  *See* 31 U.S.C. § 3717.

**D.    Once Cause is Established, Reorganized Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).**

26.    Once "cause" is established, the burden then shifts to the debtor to demonstrate that § 1112(b)(2) precludes relief under Section 1112(b)(1). *In re Sanders,* 2013 Bankr. LEXIS 4681 at *18-19. The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the debtor bears the burden of proving that unusual circumstances are present in the case that render dismissal or conversion not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

27.    The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion. [*See* ECF Docket *generally.*]

28.    In determining whether to convert a case from chapter 11 to chapter 7 or dismiss it, a bankruptcy court must consider the interests of all creditors. *Shulkin Hutton, Inc., P.S. v. Treiger (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009).

29.    Dismissal of this case is appropriate here because Reorganized Debtor has already confirmed a plan of reorganization, and based upon the language in the plan, and the order

confirming it, it does not appear that any remaining assets would "revest" in the estate if the court converted the case to chapter 7. *See* 11 U.S.C. § 1141(b).[8]

30.     In the alternative, the United States Trustee does not object to the Court converting the case to chapter 7, if the Court ultimately determines that such relief is in the best interests of Reorganized Debtor's creditors.

31.     Should Reorganized Debtor cure the delinquencies set forth herein prior to the above-captioned hearing, the United States Trustee requests that the Court treat the hearing as a status conference under 11 U.S.C. § 105(d) for the purpose of establishing a deadline for Reorganized Debtor to file a motion for final decree.

## III.     CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order (a) granting the Motion; (b) dismissing the case, or in the alternative, converting the case to chapter 7, if the Court ultimately determines that such relief is in the best interests of Reorganized Debtor's creditors; and (c) granting such other relief as is just under the circumstances.

Date: November 16, 2023                    Respectfully Submitted,

                                          TRACY HOPE DAVIS
                                          UNITED STATES TRUSTEE

                          By:      */s/ Jared A. Day*
                                          Jared A. Day
                                          Trial Attorney for the United States Trustee

_____

[8] 11 U.S.C. § 1141 states that all property of a bankruptcy estate "revests" in the debtor when a plan is confirmed except as otherwise provided in the plan. *See also In re Consolidated Pioneer Mortgage Entities,* 264 F.3d 803, 807-808.